UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor | § | |
| United States Department of Labor, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| | § | Civil Action No. 3:18-cv-73 |
| | § | |
| T&T Offshore, Inc., | § | |
| | § | |
| Respondent | § | |

PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA DUCES TECUM
ISSUED BY THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

To the U.S. District Court for the Southern District of Texas, Galveston Division:

I.

Petitioner, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, brings this action to compel Respondent, T&T Offshore, Inc. to comply with a Subpoena Duces Tecum ("Subpoena") seeking "the contact information for employees and supervisors working for T&T Offshore Inc. between September 20, 2016 and September 20, 2017, at the facility located at 2915 Todd Rd. Galveston, TX."[1] This Subpoena seeks the most basic type of information in Defendant's possession – employees' contact information - and was issued and directed to Respondent by Mark Briggs, Area Director, Occupational Safety and Health Administration, United States Department of Labor, in aid of an inspection and investigation pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq*., ("the Act") and the occupational safety and health standards and regulations promulgated thereunder (29

1

C.F.R. § 1903, *et seq*.). T&T Offshore maintains that OSHA's subpoena is "grossly overbroad" because it seeks contact information for employees who worked at the Galveston worksite, even though they may not have been present at the time of the fatal accident. T&T Offshore's claim is misplaced and should be rejected.

II.

Jurisdiction to issue the Orders prayed for herein is conferred upon this court by 28 U.S.C. § 1345 and Section 8(b) of the Act, 29 U.S.C. § 657(b), and 28 U.S.C. §§ 1331 and 1345.

III.

A.     T&T Offshore, Inc. ("T&T Offshore") is a Texas Corporation with its primary address in Galveston, Texas. T&T Offshore employs approximately 11 individuals at the Galveston, Texas location and is an employer within the meaning of the Act.

B.     Respondent T&T Offshore has a worksite at is located at 2915 Todd Road, Galveston, Texas 77554 (the "worksite"), which is within the jurisdiction of this Court. At the worksite, T&T Offshore employees are engaged in providing response, salvage, and marine firefighting services.

C.     The worksite located at 2915 Todd Road, Galveston, Texas 77554 constitutes an establishment, area, workplace, or environment where work is performed by an employee of an employer, within the meaning of section 8(a) of the Act, 29 U.S.C. § 657(a).

IV.

A.     Section 8(a) of the Act, 29 U.S.C. § 657(a), authorizes the Secretary to make inspections and investigations of establishments or areas where work is performed.

---

[1] This subpoena is attached hereto and incorporated by reference as **Exhibit A**.

B.      Section 8(b) of the Act, 29 U.S.C. § 657(b), authorizes the Secretary, in making inspections and investigations, to require the attendance of witnesses and the production of evidence under oath.

C.      Further, section 8(b) of the Act authorizes the United States District Court, upon petition by the Secretary, to issue an Order requiring a person, who has failed to respond to the Secretary's Subpoena, to produce evidence relating to the matter under investigation or in question.  A failure to obey such Order may be punished by contempt.

V.

A.      On September 20, 2017, the Occupational Safety and Health Administration ("OSHA") initiated an inspection of T&T Offshore's work site at 2915 Todd Road in Galveston, Texas in response to a fatal accident occurring on September 20, 2017 in which a crane operated by a T&T Offshore employee toppled over and struck two employees of Lightering, LLC, another employer working at the site.

B.      Lightering, LLC ("Lightering") had been leasing dock and warehouse space from T&T Offshore since 2011 in order to operate two off shore vessels. T&T Offshore provided loading and crane services to Lightering.  When Lightering had work requiring the use of a crane, it requested a crane and operator from T&T Offshore.  On the morning of September 20, 2017, about 8 a.m., a Dock Superintendent for Lightering, requested crane services from T&T Offshore's General Manager in order to load the vessel *Elliot Cheramie*.

C.      Normally T&T Offshore sends a barge crane, but the barge crane was in Corpus Christi, so T&T Offshore provided the crane that is normally stationed at the launch, a Tadano TR-600XL 60-ton Hydraulic Rough Terrain crane (a mobile crane) operated by T&T Offshore

3

employee.

D.     At some point that morning, the T&T Offshore employee attempted to lift a spool of wire without extending the outriggers, and the crane toppled over, striking and killing two temporary workers for Lightering.

VI.

A.     On February 13, 2018, under the authority of Section 8(b) of the Act, 29 U.S.C. § 657(b), Mark Briggs, Area Director, OSHA, issued a Subpoena directing the Custodian of Records for T&T Offshore to appear in Houston, Texas, on February 16, 2018 to produce documents relevant to the inspection being conducted by OSHA of the working conditions maintained by T&T Offshore.  The Subpoena requested only one (1) class of documents: "Any and all documents containing the names, job titles, addresses and telephone numbers of employees and supervisors working for T&T Offshore Inc. between September 20, 2016 and September 20, 2017, at the facility located at 2915 Todd Rd. Galveston, TX."

B.     On February 13, 2018, the Subpoena was served on T&T Offshore by personal delivery to Deborah T. Busby, Registered Agent for T&T Offshore, at the facility.  Proof of service of this Subpoena is attached to the subpoena, which is Exhibit A to this Petition.

C.     On February 16, 2018, Respondent provided an incomplete response to the subpoena.  Respondent provided the names and job titles for some employees and supervisors. Respondent did not provide any contact information for any individuals.

4

VII.

A.    The attorneys for the Secretary of Labor and Respondents attempted to negotiate a resolution of this matter.  However, Respondents have failed and refused to appear and provide the documents and information as directed by the subpoena duces tecum.

B.    Each of the documents sought by the Secretary is for a legitimate investigatory purpose, is relevant to OSHA's ongoing investigation, and is important for completing the investigation and preserving evidence of violations.

C.    Respondent has failed and refused, and continue to fail and refuse, to appear and provide the documentation and information as required by the subpoena duces tecum.

VIII.

A.    The documents and information sought from Respondent by the Subpoena are essential, relevant, and appropriate for a determination by OSHA as to whether T&T Offshore's employees have been exposed to unsafe and unhealthy working conditions at the identified workplace and whether T&T Offshore's employees have sustained occupational injuries and illnesses.  The documents sought by the Subpoena are also relevant to the Secretary's investigation and are necessary, in that they will assist the Secretary in determining whether violations of the Act and occupational safety and health standards existed and will preserve evidence of such violations.

B.    The unreasonable delay and refusal on the part of the Respondents constitute disobedience and resistance to a lawful subpoena and an attempt to resist and thwart a lawful inspection and investigation by the Secretary.

5

C.     The Secretary, pursuant to section 9(c) of the Act, 29 U.S.C § 658(c), has until March 20, 2018, to conclude his investigation and issue any citations and notifications of penalty for any alleged violations of the Act and occupational safety and health standards.

D.     As a result of said conduct by Respondent, the Secretary has been hindered in the proper exercise of his lawful authority and responsibility to enforce and administer the Act in that the subject investigation has been seriously impeded. OSHA has been precluded from further fact-gathering from important management personnel via interviews.  Indeed, OSHA will need to conduct interviews of certain employees and management personnel as part of its investigation into whether violations have occurred at the workplace.  Because of Respondent's actions, OSHA has not been able to proceed in its investigation.

WHEREFORE, Petitioner prays that this Court:

1.     Enter an Order requiring Respondent T&T Offshore, Inc. to immediately provide OSHA with copies of all the requested documents as well as the right to immediately review and copy, if necessary, all original responsive documents;

2.     Enter an Order tolling the statute of limitations under which OSHA would be required to issue citations under section 9(c) of the Act, 29 U.S.C § 658(c), because of T&T Offshore's refusal to cooperate in OSHA's investigation into whether violations of the Act and occupational safety and health standards have occurred;

3.     Enter and Order requiring Respondent to pay the Secretary's attorney's fees and other costs associated with enforcing the lawfully issued subpoena;

4.     Grant such other and further relief as may be just and proper.

Respectfully Submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

MADELEINE T. LE
Counsel for Occupational Safety and Health

By:

JOSH BERNSTEIN
Texas Bar No. 00793335
CARLTON C. JACKSON
Texas Bar No. 24032465

Attorneys for Complainant.

United States Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas   75202
Telephone:      (972) 850-3100
Facsimile:      (972) 850-3101
Email:  bernstein.josh@dol.gov

RSOL Case No. 0660-18-00371

## CERTIFICATE OF SERVICE

I hereby certify that on the **13** day of March, 2018, a true and correct copy of the foregoing was served upon the attorney of record, all parties or party representatives in the above entitled and numbered cause, by email, addressed to:

Travis W. Vance
Fisher & Phillips LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
tvance@fisherphillips.com

JOSH BERNSTEIN
Trial Attorney

8