

fisherphillips.com

**Houston**
910 Louisiana Street
Suite 4000
Houston, TX  77002

(713) 292-0150 Tel
(713) 292-0151 Fax

**Writer's Direct Dial:**
713-292-5622

**Writer's E-mail:**
pwilliams@fisherphillips.com

February 12, 2018

<u>*Via Facsimile (972) 850-3101 and email* **bernstein.josh@dol.gov**</u>
Mr. Josh Bernstein, Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
525 S. Griffin Street, Suite 501
Dallas, Texas 75202

    Re:    *T&T Offshore, Inc.*

Mr. Bernstein:

    As you know I am now the primary contact for the above referenced inspection.  Please accept this as T&T Offshore, Inc.'s initial response to your most recent communications.  As a preliminary matter, we reiterate that the purported subpoena you contacted our office about was never served on T&T Offshore, Inc.  As I am sure you will appreciate, if we hand you (as counsel for OSHA) a subpoena, petition or complaint during a future meeting or hearing, I am sure you would not agree that such constitutes proper service of that document on OSHA and/or the United States Department of Labor.  In the event your office or OSHA disagrees, and is now willing to assert that it is an agent of service, please advise of that position.

    Notwithstanding the improper and/or lack service noted above, T&T Offshore, Inc. has voluntarily produced (and continues to voluntarily produce) documents during the course of the above inspection.  Furthermore, the issue raised in your recent communications – regarding redactions contained within documents produced – is different than the issue presented by Mr. Briggs in his most recent correspondence.  Indeed, this is the first time OSHA, or anyone on its behalf, has raised a concern about redactions within the documents previously produced.  With that said, we understand that there are only two documents where redactions are at issue.  The first relates to a document entitled "Meeting Minutes" dated June 16, 2017.  That document is being produced in un-redacted form, subject to and without waiving any previously asserted objections and/or assertions of privilege.  The second (and final) issue raised relates to the redactions of names on a document (which T&T Offshore, Inc. was under no obligation to create or produce) that lists current employees of T&T Offshore, Inc. (regardless of whether they were actually on site at the time of incident or involved in the work).  While T&T Offshore, Inc. is *not* refusing to provide an un-redacted copy of that document at this time, we do request clarification from OSHA as to: (1)

Josh Bernstein
February 12, 2018
Page 2

what exactly OSHA is seeking from T&T Offshore, Inc.; (2) why the information is needed; and (3) how the request is reasonable and relevant to the inspection. Specifically, at the time of the incident – and as OSHA already knows – the only T&T Offshore, Inc. employee involved in the work at issue was the crane operator (Mr. Tinney). OSHA has long been in possession of the crane operator's full name, address, phone number, etc. Likewise, T&T Offshore, Inc. previously presented Mr. Robbie Dison and Mr. Phil Leasure for interviews at OSHA's Houston South Area Office. Furthermore, it is also our understanding that OSHA has interviewed the other individuals – who were not T&T Offshore, Inc. employees – that were part of the work. The fact of *who* was actually involved in the work can be confirmed via the video(s) that is/are in OSHA's current possession. It should be very clear to OSHA who was involved in the work and accident, and the fact that it is requesting information about persons who were not involved in the work and accident. Finally, it remains perplexing as to why OSHA affirmatively stated that the information it was seeking was needed simply to identify how many people were working at the Pelican Island facility, but is now unsatisfied with the information provided (i.e., we provided information that would allow OSHA to ascertain this number). As such, we are now asking for clarification and confirmation in writing as to what OSHA is seeking and the basis for the request.

In light of the above, we are concerned that OSHA is simply seeking information about persons who were unrelated and unassociated with the work as a fishing expedition and in an effort to harass and intimidate T&T Offshore, Inc. and its employees, all of which are unreasonable. However, in a good-faith effort to confer and resolve this dispute, T&T Offshore, Inc. will re-evaluate its position – and advise your office the same – within three (3) business days of OSHA clarifying what it is seeking from T&T Offshore, Inc., why that information is needed, and how the request is reasonable and relevant.

Best regards,

Pamela D. Williams

PDW/jm
Attachment

cc:  Edwin G. Foulke, Jr. *interoffice*

# T & T OFFSHORE, INC. CREW BOATS
## MEETING MINUTES

**ATTITUDE IS EVERYTHING!**
FOCUS · TAKE TIME · TAKE RESPONSIBILITY · DO THE RIGHT THING · KNOW THE RISKS

☒ Safety ☐ Fire Drill ☐ ER Drill ☐ Security Drill ☐ QI/Spill Drill

**DATE:** Jun 16 '17  **FACILITATOR:** Paul Stepien

**TOPIC:** Working around cranes

**DISCUSSION:**

Working Around Cranes
① Experience can be the worst teacher
② Stay out from under
③ Your not safe when not seen
④ Other danger
⑤ Use extra care around cranes

**ATTENDEES:**

| (PRINT NAME) | (SIGNATURE) |
|---|---|
| Paul R Stepien | [signature] |
| Pedro Medero Jr. | [signature] |
| Jeff Tinn | [signature] |

**LESSONS LEARNED/IMPROVEMENTS:**

① Beware of the angle of the ball or block when working cargo on the back deck. Should be watching both so you know where the lift is going!
② Stay out of pinch points.
③ Work together.
④ Communication on the dock and back deck while loading and offloading cargo

ST-C1-10
(2008-01)