

**Houston**
910 Louisiana Street
Suite 4000
Houston, TX 77002

(713) 292-0150 Tel
(713) 292-0151 Fax

**Writer's Direct Dial:**
713-292-5621

**Writer's E-mail:**
cwarren@fisherphillips.com

February 2, 2018

<u>*Via Email, fax and CM, RRR*</u>
Mr. Mark Briggs, Area Director
Mr. Jim Lawrence, Assistant Area Director
U.S. DEPARTMENT OF LABOR
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION
17625 El Camino Real, Ste. 400
Houston, Texas 77058

  Re: *T&T Offshore, Inc.*; Inspection No. 1265193

Mr. Briggs:

  I write in response to your letter dated January 25, 2018, wherein the United States Department of Labor – Occupational Safety and Health Administration ("OSHA"), makes several important misstatements. While more could be said in this letter, I will briefly address some of those misstatements; however, I remain willing to discuss any issue you may have relative to this inspection at your convenience.[1] Indeed, this is an invitation for you, Mr. Lawrence, Mr. Gomez, or Ms. Le (or anyone in her office) to call and discuss any concern that you may have. With that said, to date, neither OSHA nor its counsel have *ever* attempted to confer in any meaningful or substantive fashion on the issues alleged in your correspondence. Accordingly, your letter threatening an enforcement action if certain unilateral conditions are not met (to your satisfaction) is a far cry from a bona fide conference prior to initiating an action before one of the district judges in the Southern District of Texas. More specifically, I would refer you to the local rules for the Southern District of Texas relative to the conference requirements related to motion practice. *See e.g.,* Local Rule LR7.1(D)(1)-(2) and LR11.4. If OSHA intends to pursue such a course, we are prepared to defend our position, present OSHA's failures to the court, and seek appropriate relief (whether in equity or monetary).

  As with other subpoenas purportedly issued by OSHA, the subpoena referenced in your letter was never actually served on T&T Offshore, Inc. *See, e.g.,* OSHA's Field Operations Manual at Ch. 15 (while not law, requiring . . . "delivery to the party named in person. . ."); OSHRC

---

[1] Contemporaneously with this correspondence, T&T Offshore, Inc. is providing OSHA with its *First Supplemental Objections and Responses* to the document entitled Subpoena *Duces Tecum* dated January 3, 2018.

Mr. Mark Briggs, Area Director
Mr. Jim Lawrence, Assistant Area Director
February 2, 2018
Page 2

2200.57(b) (requiring personal service on the person named); and FRCP 45(b)(1) (". . .delivering a copy to the named person. . ."). This has not been accomplished. As you know, as outside counsel for the company, I am not an agent for service and have not agreed to be an agent for service. Even though the subpoena was never properly served on T&T Offshore, Inc., T&T Offshore, Inc. nonetheless provided responses (while noting and reserving its objections) despite the above and other defects. As the subpoena was never properly served – and OSHA cannot establish that it was properly served – an enforcement action of any kind would be frivolous, without merit, and purely initiated as a means of harassment and in retaliation for T&T Offshore, Inc. exercising its rights. To put it in very simple terms, as a predicate to an enforcement action you must have a proper subpoena (that is properly served) before attempting to enforce that very subpoena in federal court.

Relative to the substance of T&T Offshore, Inc.'s responses, particularly with respect to your allegation that "limited responses" have been provided to OSHA, and that the "requested documents and *things*"[2] (emphasis added) have not been produced, that allegation is false and unfounded. You have also issued a legal opinion as to duties T&T Offshore, Inc. allegedly owes – that too is improper. To date, T&T Offshore, Inc. has timely produced all relevant and responsive documents that OSHA has requested (whether orally or in writing).

In order to illuminate the inaccuracies presented in your letter, attention should be paid to T&T Offshore, Inc.'s prior responses to Request No. 2 and Request No. 4. With respect to both requests, T&T Offshore, Inc. was clear. Notwithstanding the objectionable nature of OSHA's requests (and lack of service), T&T Offshore, Inc. responded to Request No. 2 by indicating that it reserved its right to supplement the response (i.e., produce documents) "*if responsive documents are identified/located.*" (emphasis added). There is not much else to say in response to this request.

Similarly, relative to Request No. 4, T&T Offshore, Inc. responded that "*no such documents containing the above information have been identified.*" (emphasis added). It is not a reason to threaten T&T Offshore, Inc. simply because there is no single document containing "the names, job titles, addresses and/or telephone numbers of employees working for T&T Offshore, Inc." for a one-year period. If OSHA is seeking something else via this request, i.e., something other than a document listing/containing the above information, that should be clarified. Again, despite the objectionable nature of Request No. 4, and based on Mr. Lawrence's express representations as to what OSHA was seeking (i.e., a document containing all of the information above), and why (i.e., to determine the number of employees working at the Pelican Island facility), OSHA was provided with the exact information sought (based on OSHA's representations). Unless the representation was incorrect when T&T Offshore, Inc. voluntarily appeared at OSHA's office, or was an attempt to induce T&T Offshore, Inc. to produce documents under a false

---

[2] It is unclear as to what *things* OSHA claims have not been produced.

Mr. Mark Briggs, Area Director
Mr. Jim Lawrence, Assistant Area Director
February 2, 2018
Page 3

impression, OSHA has been provided with all of the information that was requested on January 3, 2018.

Despite the above, and despite the fact that T&T Offshore, Inc. is not required to create a document to respond to a subpoena, T&T Offshore, Inc. is producing a document that was generated with information from its third-party payroll administrator. At this juncture, I am truly perplexed by what else OSHA would like for T&T Offshore, Inc. to say or provide in response to Request No. 4. Again, we remain willing to confer and discuss any and all issues with your office (or Ms. Le's office) if there remain any questions.

In conclusion, I must address the rather unfortunate closing to your letter. Specifically, you have taken the additional measure of threatening a meritless enforcement action and/or to seek the recovery of attorneys' fees from T&T Offshore, Inc. In light of the harassing actions of OSHA during the course of this investigation, as well as its continued efforts to threaten and intimidate, T&T Offshore, Inc. reserves all rights to seek relief, not only under the Equal Access to Justice Act, but also under any and all state and/or federal tort claims that may be available. Finally, I feel extremely comfortable that T&T Offshore, Inc. will be able to present evidence of its compliance and that it has acted cooperatively and in good faith. On the other hand, I am extremely confident that T&T Offshore, Inc. can present evidence that OSHA has acted intentionally and systematically in an effort to trample over individuals' constitutional rights, threatened improper legal actions, and other behavior that will be shown at the time of hearing.

Again, should you have any questions or wish to discuss this matter further, do not hesitate to contact me at your convenience.

Best regards,

Collin G. Warren

CGW/jm
cc:   Edwin G. Foulke, Jr. *interoffice*

**GENERAL OBJECTIONS TO DOCUMENT ENTITLED SUBPOENA DUCES TECUM**

The *Subpoena Duces Tecum* (dated January 3, 2018) is defective in that it does not reference an OSHA inspection number and was not served in accordance with the applicable rules of procedure. Furthermore, the scope of the *Subpoena Duces Tecum*, i.e., the "working conditions maintained by T&T Offshore, Inc. . . ." is overbroad and is thus unreasonable and not compliant with the express terms of the Occupational Safety and Health Act. In light of the above, the purported *Subpoena Duces Tecum* is defective creating no obligation for T&T Offshore, Inc. to respond. T&T Offshore, Inc. further objects to the extent any request seeks to violate or otherwise infringe upon T&T Offshore, Inc.'s rights – and the rights of any employee – afforded under the 5th Amendment to the United States Constitution and Article 1, Section 10, of the Constitution of the State of Texas. Nonetheless, noting those defects and reserving those objections and assertions of privilege, along with its prior notice to OSHA regarding FOIA exemptions, and in an effort to fully cooperate with OSHA during this investigation, T&T, Offshore, Inc. provides the following *First Supplemental Responses* below subject to and without waiving the objections stated herein.

**FIRST SUPPLEMENTAL RESPONSES
TO DOCUMENT ENTITLED SUBPOENA DUCES TECUM**

1.    Any and all personnel records for Jeffrey [sic] Tinney including, but not limited to, application for employment, all disciplinary actions and training records.

**Response: T&T Offshore, Inc. objects as above request is overly broad. Specifically, the above request seeks the production of documents that are outside the scope of the investigation, that are unrelated and/or have no connection with OSHA's investigation (or jurisdiction), that are redundant of prior requests, and that violate the employee's privacy rights and expectations. As such, the above request is unreasonable as it seeks to impermissibly expand the scope of the inspection. Furthermore, the above request is poorly constructed and uses undefined terms making the request unclear, vague, ambiguous, and subject to being second guessed by OSHA. Subject to and without waiving the foregoing objections and assertions of privilege, and as T&T Offshore, Inc. understands this request, see documents previously produced to OSHA. T&T Offshore, Inc. reserves the right to supplement this response should the request be clarified and/or if additional responsive documents are identified/located.**

2.    Any and all disciplinary records for any employee working for T&T Offshore Inc. for violating a safety and health rule for the company for the period from September 20, 2014 to September 20, 2017.

**Response: T&T Offshore, Inc. objects as the above request is overly broad. Specifically, the above request seeks the production of documents: (a) for an unreasonable and overly broad period of time (i.e., three (3) years); (b) that are outside the scope of the inspection (e.g., disciplinary records for *any* rule violation for *any* employee); (c) that are unrelated and/or have no connection with OSHA's investigation (i.e., have no connection with the incident and/or work); and (d) seeks information about individuals who have no connection to the incident and/or work that is the subject of OSHA's investigation (e.g., that may not have**

**even been employed by T&T Offshore, Inc. at any relevant time and/or that had no connection with the incident and/or work under investigation). As such, the above request is unreasonable as it seeks to impermissibly expand the scope of the inspection and seeks the production of documents that are wholly unrelated to the incident and/or investigation. Furthermore, the above request is poorly constructed and uses undefined terms making the request unclear, vague, ambiguous, and subject to being second guessed by OSHA. Subject to the foregoing objections, and as T&T Offshore, Inc. understands the request, no responsive documents have been identified/located at this time. T&T Offshore, Inc. reserves the right to supplement the above response should the request be clarified and/or if responsive documents are identified/located.**

3. If not identified in response to Request No. 1, any and all documents reflecting how long Jeffrey [sic] Tinney has worked for T&T Offshore, Inc.

**Response: T&T Offshore, Inc. objects as the above request is redundant and duplicative of prior requests. Subject to and without waiving the foregoing objections, and as T&T Offshore, Inc. understands this request, see documents previously produced to OSHA. T&T Offshore, Inc. reserves the right to supplement this response should the request be clarified and/or if additional responsive documents are identified/located.**

4. Any and all documents showing the names, job titles, addresses and/or telephone numbers of employees working for T&T Offshore Inc. between September 20, 2016 and September 20, 2017. Such document(s) need only show employees reporting to work at the facility.

**Response: T&T Offshore, Inc. objects as the above request does not seek the production of a specific document or category of documents. T&T Offshore, Inc. further objects as the wording of the above request is overly broad as it seeks the production of documents: (a) that are outside the scope of the inspection; (b) about individuals wholly unrelated to the investigation/incident/work; (c) about individuals who have no connection with the investigation/incident/work; and (d) for an unreasonable and overly broad period of time. As such, the above request is unreasonable, unduly burdensome, and seeks to impermissibly expand the scope of the inspection. Furthermore, the above request is poorly constructed making the request unclear, vague, ambiguous and subject to being second guessed by OSHA. Subject to and without waiving the foregoing objections and assertions of privilege, and as T&T Offshore, Inc. currently understands the above request, no such document containing all of the above information has been identified; however, while not obligated to do so, T&T Offshore, Inc. has generated the attached document based on information from its third-party payroll service which identifies the employees currently employed by T&T Offshore, Inc. (while not necessarily present at the facility at the time of the incident). Further, in an effort to fully cooperate with OSHA during this investigation, and based on the express representations made by OSHA (Mr. Jim Lawrence) as to why this information is needed (to determine the total number of individuals at the Pelican Island facility), T&T Offshore, Inc. previously provided the following information (the names of the T&T Offshore, Inc. employees present at the Pelican Island facility at the time of the incident), although under no obligation to do so:**

FPDOCS 33724931.1

**Phil Leasure**
**Jerri R.**
**Jeffery Tinney**
**Randy S.**
**Daniel M.**
**Adrian M.**
**Christopher S.**
**Paul S.**
**Frank K.**
**Joshua E.**
**Pedro M.**

<u>Dated: February 2, 2018</u>

                                    Respectfully submitted,

                                    FISHER & PHILLIPS LLP

                         By:    <u>/s/ Collin G. Warren</u>
                                    Collin G. Warren
                                    FISHER & PHILLIPS LLP
                                    910 Louisiana Street, Suite 4000
                                    Houston, Texas  77002
                                    Telephone:     (713) 292-0150
                                    Facsimile:     (713) 292-0151
                                    [cwarren@fisherphillips.com](mailto:cwarren@fisherphillips.com)



| Name | Business Title | Hire Date | Street 1 |
|---|---|---|---|
| B▮▮,MICHAEL▮ | ▮ | 8/7/2015 | ▮ |
| B▮▮,CHARLIE | ▮ | 2/10/2016 | ▮ |
| C▮▮,DAVID▮ | ▮ | 11/18/2016 | ▮ |
| E▮▮,JOSHUA | ▮ | 11/25/2016 | ▮ |
| H▮▮,COBY▮ | ▮ | 8/21/2015 | ▮ |
| K▮▮,Frank▮ | ▮ | 4/6/2012 | ▮ |
| Leasure,Phillip L. | GENERAL MANAGER | 8/27/2001 | ▮ |
| M▮▮,Pedro | ▮ | 7/27/2012 | ▮ |
| R▮▮,JERRI▮ | ▮ | 8/20/2015 | ▮ |
| S▮▮,MATTHEW▮ | ▮ | 7/31/2015 | ▮ |
| S▮▮,Paul | ▮ | 11/24/2006 | ▮ |
| Tinney,Jeffery L. | CAPTAIN | 1/7/2005 | ▮ |

CONFIDENTIAL

T&T Offshore000509



CONFIDENTIAL

T&T Offshore000510