

fisherphillips.com

**Charlotte**
Suite 2020
227 West Trade Street (28202)
Post Office Box 36775
Charlotte, NC 28236
(704) 334-4565 Tel
(704) 334-9774 Fax

**Writer's Direct Dial:**
(704) 334-4565

**Writer's E-mail:**
tvance@fisherphillips.com

February 16, 2018

<u>**VIA ELECTRONIC MAIL, FACSIMILE AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**</u>

Mr. Mark Briggs, Area Director
Mr. Jim Lawrence, Assistant Area Director
U.S. Department of Labor
Occupational Safety and Health Administration
17625 El Camino Real, Ste. 400
Houston, Texas 77058
E-mail: <u>Briggs.Mark@dol.gov</u>
Facsimile: (281) 286-6352

    Re:    *Response to Subpoena Duces Tecum (February 13, 2018)*
           *T&T Offshore, Inc.*; Inspection No. 1265193

Mr. Briggs:

    On behalf of T&T Offshore, Inc. we write to object to the subpoena *duces tecum* issued to T&T Offshore, Inc., on February 13, 2018. As noted below, the subpoenas issued in this matter have been procedurally and substantively defective, thus requiring no response. Notwithstanding the objections and assertions of privilege contained herein, and reserving all others, T&T Offshore, Inc. herein voluntarily provides the following substantive responses.

### A. The Purported Subpoena is Procedurally Defective:

#### 1. The subpoena was issued by the wrong person.

    Procedurally, the purported subpoena fails to comply with the procedures in OSHA's own Field Operations Manual ("FOM") for issuing administrative subpoenas. We specifically note that you, as the Area Director, issued the purported subpoena. Subpoena authority, however, is vested in the Regional Administrator, who may, in very limited circumstances, delegate that authority to Area Directors. Specifically, Area Directors only have authority to issue subpoenas for records "relevant to an inspection or investigation," including four specific, identified types of records: (1)

injury and illness records; (2) hazard communication program records; (3) lockout/tagout program records; and (4) safety and health program records. *See* FOM at 15-1 through 15-2. The requested documents in the purported subpoena—records regarding *all* of T&T Offshore Inc.'s employees—clearly fall outside this scope, and an Area Director lacked authority to issue the subpoena in the first instance.

### 2. OSHA has not identified the reason for the current request.

OSHA also failed to provide T&T Offshore, Inc. with the reason for the request in the subpoena. *See* FOM at 15-2 ("[T]he OSHA representative serving the subpoena shall explain the reason for the request."). The information sought in the current subpoena was generally requested (the wording is slightly different) by OSHA in a previously unserved "subpoena," to which T&T Offshore, Inc. voluntarily responded on or about February 2, 2018. Relative to that request, OSHA affirmatively stated the information was needed to determine the total number of employees at the Pelican Island facility on the day of the incident. Based on that representation, T&T Offshore, Inc. voluntarily supplied information so that OSHA could make that determination. OSHA has not stated its reasoning for issuing this second defective subpoena.

### 3. OSHA failed to provide a reasonable time to respond.

OSHA also failed to provide T&T Offshore with a reasonable time to respond to the subpoena. Leaving aside for the moment the burdensomeness of the request, the subpoena was delivered in the afternoon of February 13, 2018, and requested compliance by 10:00 a.m. on February 16, 2018. In other words, the subpoena provided less than three (3) days' compliance time. For records that T&T Offshore, Inc. is required to keep pursuant to statute or regulation, the FOM provides that subpoenas are to provide *three days* to comply. *Id.* at 15-4. I note that the record(s) sought here are not required to be kept by statute or regulation. For other records, the FOM requires a *five working day* compliance timeframe. That has not been provided and therefore the subpoena is invalid.

## B. The Subpoena is Substantively Defective:

### 1. The request is vague, overly broad, unduly burdensome and harassing.

Substantively, the subpoena is defective as well for several reasons. The request is ambiguous, as it is unclear whether OSHA is requesting a *single* document containing the "names, job titles, addresses[,] and telephone numbers of" T&T Offshore Inc.'s employees for a one year period from September 20, 2016 through September 20, 2017, or whether it is requesting *all* documents containing *any* of that information. If the former, which is the interpretation that Mr. Lawrence previously expressly provided to T&T Offshore, Inc. no such document exists, a fact that T&T Offshore has *repeatedly* indicated. Moreover, while T&T Offshore, Inc. has no obligation to create a document that does not exist, it did so with information from a third-party and voluntarily provided that document to OSHA. If the latter interpretation is what OSHA desires

to be produced, the request is grossly overbroad and unduly burdensome, as it does not seek a specific category of documents and would require the production of every single page with an employee's name on it for the specified year.

## 2. The request seeks irrelevant and private personal information.

The purported subpoena seeks irrelevant and private personal information that goes well beyond the scope of OSHA's inspection. Seeking information regarding all of T&T Offshore, Inc.'s employees (for a one-year period) serves no connection to the investigation, incident, and work related to the inspection. As OSHA well knows, the only T&T Offshore, Inc. employee involved in the incident was Mr. Jeff Tinney. While T&T Offshore, Inc. is under no obligation to do so, and expressly reserves all objections and assertions of privilege, it is providing OSHA with a list of the names and positions of the T&T Offshore, Inc. employees who were on site at the Pelican Island facility on the day of the incident, regardless of whether they had any connection to the work or work place at the time of the incident.

| Name: | Position: | Name: | Position: |
|---|---|---|---|
| Phil Leasure | General Manager | Randy Sorenson | Vessel Deckhand |
| Jerri Roberts | Vessel Operations | Daniel Masteller | Vessel Deckhand |
| Jeffery Tinney | Vessel Captain | Adrian Medina | Vessel Deckhand |
| Paul Stepien | Vessel Captain | Joshua Enriquez | Vessel Deckhand |
| Frank Kubin | Vessel Captain | Pedro Medero | Vessel Deckhand |
| Christopher Sobanja | Vessel Captain | | |

To the extent OSHA continues to seek additional information that has no bearing on its inspection, the obvious and only conclusion that can be reached is that OSHA is impermissibly attempting to expand the scope of its inspection by violating T&T Offshore Inc.'s constitutional rights and in retaliation for employees asserting their constitutional rights.

## 3. OSHA's continued requests are further evidence of its harassment and retaliation for asserting constitutional rights and is an effort to improperly expand the inspection.

Aside from these procedural and substantive defects, the subpoena is particularly egregious given the background of OSHA's conduct in this matter. At every turn, and from the inception of this investigation, OSHA has made improper threats. As you know, in response to a "subpoena" that was "issued" to T&T Offshore, Inc. on January 3, 2018, T&T Offshore, Inc. voluntarily provided a timely response to the non-objectionable portions of the subpoena even though the subpoena was a nullity because it was never served. Indeed, that subpoena requested some of the same document(s) requested in the current subpoena, and T&T Offshore, Inc. raised many of the same objections raised in this response. Despite providing voluminous documents to OSHA's nullity of a subpoena, OSHA then threatened T&T Offshore, Inc. with a baseless enforcement action for "enforcement" of the void subpoena and attorneys' fees (that it does not actually incur).

This is but an exemplar of the baseless and improper threats that have been made during the course of this investigation.

In conclusion, T&T Offshore has been fully compliant with its obligations to provide OSHA with information relevant to the inspection and expects it will be able to present evidence of this fact and its good faith to the extent necessary. Please do not hesitate to contact me should you have any questions or concerns, and I remain willing to discuss this matter further in a good faith attempt to resolve this matter.

Sincerely,

Pamela D. Williams
Travis W. Vance
For **FISHER & PHILLIPS LLP**

TWV:jb

cc: Ed Foulke, *interoffice*



fisherphillips.com

Charlotte
Suite 2020
227 West Trade Street (28202)
Post Office Box 36775
Charlotte, NC 28236
(704) 334-4565 Tel
(704) 334-9774 Fax

Sender's Direct Dial:
(704)334-4565
Sender's E-mail:
tvance@fisherphillips.com

February 16, 2018

# FACSIMILE COVER PAGE

| | |
|---|---|
| **SENT TO:** | MR MARK BRIGGS, AREA DIRECTOR |
| **COMPANY:** | US DOL – OSHA |
| **FAX NO.:** | (281) 286-6352            **PHONE NO.:** |
| **SENT BY:** | Travis W. Vance |
| **RE:** | RESPONSE TO SUBPOENA DUCES TECUM<br>T&T OFFSHORE, INC.<br>INSPECTION NO. 1265193 |

**TOTAL PAGES:** 5
(INCLUDING THIS COVER PAGE)

*Original will NOT follow by mail if this box is checked* ☐

**SPECIAL INSTRUCTIONS:**

**SECRETARY:**       J BRICKEY
**CLIENT/MATTER:**   44431.1001

The information contained in this transmission is confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect, and return the original message to us at the above address via U.S. Mail. We will reimburse you for postage. Thank you.

**Fisher & Phillips LLP**
Atlanta · Baltimore · Boston · Charlotte · Chicago · Cleveland · Columbia · Columbus · Dallas · Denver · Fort Lauderdale · Gulfport · Houston
Irvine · Kansas City · Las Vegas · Los Angeles · Louisville · Memphis · New Jersey · New Orleans · New York · Orlando · Philadelphia
Phoenix · Portland · Sacramento · San Diego · San Francisco · Seattle · Tampa · Washington, DC