UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor United States Department of Labor, | § § § | |
| Petitioner, | § § § § | |
| | § | Civil Action No. |
| T&T Offshore, Inc., | § § § | |
| Respondent | § § | |

### DECLARATION OF MARK BRIGGS

Pursuant to authority under 28 U.S.C. § 1746, I, Mark Briggs, declare, under penalties of perjury, that the following is true and correct:

1. I am the Area Director for the Houston South Area Office of the Occupational Safety and Health Administration (OSHA). I have been employed by OSHA since February 1989.

2. On September 20, 2017, Occupational Safety and Health Administration ("OSHA") initiated an inspection of T&T Offshore's work site at 2915 Todd Road in Galveston, Texas. This was in response to a fatal accident occurring on September 20, 2017 in which a crane operated by a T&T Offshore employee toppled over and struck two employees of Lightering, LLC, and another employer working at the site.

3. Based upon the investigation so far, OSHA has learned the following:

    a. Lightering, LLC has been leasing dock and warehouse space from T&T Offshore since 2011 in order to operate two off shore vessels. T&T Offshore provided loading and crane services to Lightering. When Lightering required the use of a crane, it requested a crane and operator from T&T Offshore. On the morning of September 20, 2017, about 8

a.m., Mario Ruiz, Sr., Dock Superintendent for Lightering, requested crane services from T&T Offshore's General Manager, Phillip Leasure in order to load the vessel *Elliot Cheramie.*

b.     Normally T&T Offshore sends a barge crane but the barge crane was in Corpus Christi, so T&T Offshore provided the crane that is normally stationed at the launch, a Tadano TR-600XL 60-ton Hydraulic Rough Terrain crane (a mobile crane). On that day, the crane would be operated by T&T Offshore employee, Jeffrey Tinney. At some point that morning, Mr. Tinney attempted to lift a spool of wire without extending the outriggers, and the crane toppled over, striking and killing two temporary workers for Lightering.

5.     As part of its inspection, in November, 2017, OSHA attempted to interview Mr. Tinney, the crane operator involved in the accident. However, Mr. Tinney's attorney has informed OSHA that he is currently under the care of a doctor due to the stress of the incident and was in no condition to be interviewed. As a result, OSHA has not been able to interview Mr. Tinney.

6.     On December 7, 2017 and January 3, 2018, OSHA attempted to interview T&T Offshore's Safety Manager, Robbie Dison and T&T Offshore's General Manager, Philip Leasure, respectively. At the interviews, T&T Offshore was represented by the law firm of Fisher and Phillips, who counseled Mr. Dison and Mr. Leasure to invoke their rights under the 5th Amendment to refuse to respond any questions because the answers might incriminate them. Both Mr. Dison and Mr. Leasure invoked the 5th Amendment in response to every single question concerning their job duties, the circumstances surrounding the accident, and T&T Offshore's work practices. As a result, these two refused to provide even the most basic of information such as whether they worked for T&T Offshore, what the crane operator, Mr. Tinney, was doing at the time of the accident, and what training and work practices T&T Offshore had concerning the tasks being performed.

7. Despite the fact that OSHA was unable to obtain any information from T&T Offshore's crane operator and the fact that the Safety Manager and General Manager refused to provide any information, including the most basic information, to OSHA during their respective interviews, T & T Crane continues to cite these information gathering opportunities in support of its argument that OSHA is overreaching in its attempts to speak with other employees. See, e.g., February 12, 2018 letter from T&T Offshore's counsel, Pamela Williams, demanding to know why OSHA needs additional information when "T&T Offshore, Inc. previously presented Mr. Robbie Dison and Mr. Phil Leasure for interviews at OSHA's Houston South Area Office." The letter is attached as Exhibit A.

8. These facts all highlight the need for OSHA to obtain the contact information for other employees of T&T Offshore, as well as the contact information for other crane operators who worked at the worksite, in order to be in a position to determine the type of safety and health program T&T Offshore has concerning cranes, including any training, work rules, and working conditions.

9. On January 3, 2018, OSHA issued a Subpoena to T&T Offshore requesting four (4) classes of documents, namely (1) personnel records for crane operator, Mr. Tinney; (2) disciplinary records; (3) documents concerning Mr. Tinney's length of employment; and, (4) documents containing the contact information for other employees. The subpoena is attached as Exhibit B. OSHA hand delivered this subpoena at the conclusion of Mr. Leasure's interview to its counsel, Collin Warren, at the facility. Mr. Warren had previously represented to OSHA in an email exchange concerning the production of documents requested by OSHA: "I will be the contact person for T&T Offshore, Inc. from this point forward." The email is attached as Exhibit C.

10. On January 11, 2018, T&T Offshore responded to the subpoena by producing a list which contained the first names and last initial only for some, but not all, responsive employees. In addition, T&T Offshore alleged, without any specific basis, that the subpoena was "defective in that it does not reference an OSHA inspection number and was not served in accordance with the applicable rules of procedure." The correspondence is attached as Exhibit D.

11. OSHA followed up on January 25, 2018 via letter notifying T&T Offshore of the need for the information. The letter is attached as Exhibit E. In response, on February 2, 2018, T&T Offshore produced "a document that was generated with information from its third-party payroll administrator;" containing a redacted list of some employees; however, T&T Offshore redacted last names and failed to provide any contact information, further hindering OSHA's ability to follow up with any if the listed individuals. The document is attached as Exhibit F.

12. On February 13, 2018, OSHA issued a second subpoena, essentially requesting the same information that was requested in the earlier subpoena. This subpoena, which is the subpoena at issue in this action, requested: "Any and all documents containing the names, job titles, addresses and telephone numbers of employees and supervisors working for T&T Offshore Inc. between September 20, 2016 and September 20, 2017, at the facility located at 2915 Todd Rd. Galveston, TX." This subpoena was hand delivered to Deborah T. Busby, Registered Agent for T&T Offshore, at the facility. The subpoena and the Proof of Service are attached as Exhibits A and B to the Petition. On February 16, 2018, Respondent provided an incomplete response, only providing the names and titles – but no contact information - for some, but not all, responsive employees. The letter is attached as Exhibit G.

4

13. OSHA has made multiple attempts to resolve this issue with Respondent, but Respondent has continuously refused to provide the documents requested in the subpoena duces tecum, specifically contact information for other employees of T&T Offshore who worked at the worksite in the time period leading up to the accident. Respondent's resistance to the subpoena is impeding a lawful inspection and investigation by the Secretary. Time is of the essence, as the Secretary must conclude his investigation and issue any citations and notifications of penalty for any alleged violations of the Act and occupational safety and health standards by March 20, 2018, pursuant to section 9(c) of the Act, 29 U.S.C. §658(c).

Executed on March 12, 2018

_____
Mark Briggs
Area Director
Houston South Area Office
Occupational Safety and Health Administration